# UNITED STATES DISTRICT COURT
## SOUTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| TCYK, LLC, ) | **CASE NO. 2:13-CV-0539** |
| ) | |
| Plaintiff, ) | JUDGE FROST |
| ) | MAGISTRATE JUDGE KING |
| vs. ) | |
| ) | MOTION TO QUASH SUBPOENA |
| ) | SERVED UPON COSTODIAN OF |
| DOES 1-47, ) | RECORDS, WIDE OPEN WEST, AND |
| ) | REQUEST FOR PROTECTIVE ORDER |
| Defendants. ) | |

COMES NOW DOE No. 19 and states as follows:

1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE 19 files this Motion to Quash Subpoena served upon Custodian of Records, Wide Open West, because the subpoena requires disclosure of protected information and subjects DOE No. 19 to undue burden. Additionally, the subpoena seeks information that is not relevant given to Plaintiff's inability to link DOE NO. 19 to alleged infringing activity.

2. In addition, if the Order is not quashed, DOE No. 19, requests a Protective Order pursuant to Fed. R. Civ. P. 26(c) limiting any information to be provided to DOE No. 19's name and address only.

3. Plaintiff filed suit in the Southern District of Ohio, Eastern Division (C.A. No. 2:13-CV-0539) against 47 unnamed DOE defendants, who are identified in its Complaint only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained a video in violation of Plaintiff's copyrights.

1

4.     DOE No. 19 is a resident of the City of Columbus, Ohio. Wide Open West is an internet service provider (ISP) that provides internet service to its customers, including DOE No. 19. Plaintiff, TYCK, LLC, on information and belief, is a producer of films and content. Plaintiff served a subpoena on Custodian of Records, Wide Open West, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of No. 19, so DOE No. 19 can be named as a defendant in Plaintiff's copyright infringement action. A true and copy of the subpoena is attached and marked as Exhibit A.

5.     DOE No. 19 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 19 has personal and proprietary interests. DOE No. 19 also has standing to move to quash the subpoena to protect reputational interests. FED. R.CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

6.     According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Southern District of Ohio, Eastern Division, thus lacks personal jurisdiction over any of the DOEs at this point.

7.     Plaintiff filed an ex parte application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Wide Open West, to determine the internet subscriber names, addresses, telephone numbers and e-mail addresses and media access control addresses associated with the IP addresses listed in the Complaint. Magistrate Judge King of the Southern District of Ohio, Eastern Division, entered the order attached hereto as Exhibit B permitting service of the subpoenas on ISPs. This DOE received a written notice from

its ISP dated June 25, 2013, (Exhibit C) stating that the DOE No. 19 had until July 24, 2013, to file a Motion to Quash, accordingly, this Motion if timely filed.

8.  The Plaintiff, TCYK, LLC, asserts that it brought the action to stop Defendants from copying and distributing to others, unauthorized copies of Plaintiff's copyrighted motion picture ("the Company You Keep").  The movie was released in theaters on April 5, 2013, and ran in theaters through June 28, 2013.[1]  The movie had a total box domestic box office of sales of $5,077,741.00.  In essence, it was not a popular movie.  The movie is scheduled to be released on DVD August 13, 2013.

9.  Notwithstanding the dismal failure of the movie, Plaintiff, TCYK, LLC, asserts that the movie is a prime target of illegal/unauthorized copying on the internet.  As of the date of this filing, Plaintiff has filed over 64 cases in various federal circuit courts alleging over 2,500 individuals have downloaded this unpopular movie.[2]

10. The TCYK, LLC complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiff seek to "tag" a defendant based solely on an IP address.  However, an IP address is not equivalent to a person or entity.  It is not a fingerprint or DNA evidence – indeed, far from it.  Accordingly, Plaintiff cannot identify the missing party with sufficient specificity.  In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP

---

[1] www.the-numbers.com. box office data.
[2] See attached Exhibit D.  Report from Pacer Case Locator using the search tool of TCYK for all federal circuit courts.

subscribers are not necessarily copyright infringers…The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order], attached hereto as Exhibit E.  The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity.  Id.  The risk of false identification by the ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography.  The identity and location of the subscriber were provided by the ISP (In the same fashion as Plaintiff seeks to extract such information from Wide Open West.)  After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home.  The downloads of pornographic material were traced to a neighbor who had multiple IP subscribers' Wi-Fi connections.  Id.  The risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Wide Open West to turn over the requested information, DOE No. 19 would suffer a reputational injury.

11.    DOE No. 19 has a wireless network.  Plaintiff's statements in support of the ex parte application for leave to take discovery were made to the Court despite knowledge that the IP addresses being represented do not always represent the proper person or defendant accused of the infringing activity.  IP addresses may be assigned or addressed to many other devices capable of operation through a router or a modem.  Plaintiff's statements are made to the Court

4

without consideration of the various factors that could be exculpatory to a particular subscriber or alleged defendant.  Plaintiff has knowledge that the alleged act of infringement could have been formed by a third party with a different computer connected to the IP address without the subscriber's knowledge or consent.  Proliferation of wireless networks and consumer wireless networking technology, the alleged infringing activity could have been formed by any person with a computer within a wireless network's range.  A fact that the Plaintiff is well aware of.  The activity could also have been performed remotely by a hacker who has gained access to the subscriber's computer or even an individual spoofing an IP address.  These mitigating factors are not accounted for by the tracking software used by the Plaintiff in the present action, or the forensic company such as Crystal Bay Cooperation.  Defendant DOE No. 19 has never had a bit torrent application, does not have a computer wherein the bit torrent application was installed.  Furthermore, the assignment of an IP address by the IPS does not actually indicate who was accessing the internet or which computer was used to access the internet.  Several other factors including an open wireless network or use of malicious computer software that controls the subscriber's computer and access the internet are common alternative causations that explain infringing activity when a user lacks knowledge of the infringement or the protocols used to carry out the infringing activity.

12. DOE No. 19 does have a reasonable expectation of privacy in the information sought by Plaintiff.  Pursuant to 47 U.S.C. §551, the Federal Cable Communications Policy Act of 1984, subscribers to cable services or other services, their personal identifiable information such as their name, address and other information is proprietary and cannot be disclosed.

13. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 19 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Id. at 3. Moreover, this case presents the same exortion risk that so concerned Judge Baker:

> "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system to daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."

Id. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.

14. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. *See Syposs v. United States,* 181 F.R. D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED.R.CIV.P. 45] is subject to the general relevancy standard applicable to discovery under [FED.R.CIV.P. 26(b)(1)].") The information linked to an IP address cannot give you the identity of the infringer. *VPR international Order,* at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not

6

relevant to the allegations in any way.  Id.  Moreover, even if the information has some small amount of relevance to the claim – which it does not – discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden by defendant.  FED.R.CIV.P. 26(b)(2)(C)(iii).  Plaintiff's request fails that balancing test.  Given that DOE No. 19 was only one of many persons who could have used the IP address in question, the quantum or relevance is miniscule at best.  However, as discussed above, the burden to DOE No. 19 is severe.  The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test.  Id.  Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 19 if allowed to proceed.  Good cause exists to quash the subpoena served on Wide Open West to compel the disclosure of the name, address, telephone number and e-mail address of DOE No. 19.

15.     If the Court does grant the subpoena, DOE No.19 respectfully requests the Court for a Protective Order pursuant to Civil Rule 26.  The only requirement necessary to file a suit is the name and address of a potential party.  Accordingly, other information is not relevant for the sole purposes of identifying a defendant and serving a Summons.  Accordingly DOE No. 19 requests that the only information to be provided by the ISP should be the name and address of the alleged defendant.  In addition, it is respectfully requested that, at this time, the Court order the Plaintiff to keep this information confidential until further order of this Court, or the Plaintiff files a complaint against DOE No. 19.

16.     FOR THESE REASONS, DOE No. 19 requests that this Court quash the subpoena served on Wide Open West in this matter and/or issue a Protective Order.

DATED:  July 22, 2013

//s// David K. Lowe
David K. Lowe
CLARK & LOWE, LLC
1500 W. Third Avenue, Suite 310
P.O. Box 12310
Columbus, OH 43212
614-340-3895
Fax: 614-340-3434
email: David@clarkandlowe.com
Supreme Court of Ohio #0003179
Attorney for DOE No. 19

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foregoing Motion to Quash Subpoena was served via First Class Mail, postage pre-paid and Electronic Mail, addressed to Plaintiff's counsel of record as follows:

Leon D. Bass
David J. Butler
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215

Attorneys for Plaintiff

//s// David K. Lowe
David K. Lowe (#0003179)

8