UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TCYK, LLC | ) | |
| 6360 Deep Dell Pl | ) | |
| Los Angeles, CA  90068 | ) | Case No. 2:13-cv-539 |
| | ) | Judge Algenon L. Marbley |
| Plaintiff, | ) | Magistrate Judge King |
| | ) | |
| v. | ) | |
| | ) | |
| DOES 1 - 47 | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT DOE NO. 19'S MOTION TO QUASH OR MODIFY SUBPOENA**

Pursuant to Federal Rules of Civil Procedure and this Court's Rules, Plaintiff submits this response in opposition to Defendant Doe No. 19's Motion to Quash Subpoena and Request for Protective Order (Doc. #5).  Plaintiff respectfully requests that this court follow its own precedent as set forth in an order by Magistrate Judge King filed on July 1, 2013 in 2:13-cv-00046-ALM-NMK, Doc 14 and deny Doe No. 19's Motion.

**I.     INTRODUCTION**

On June 5, 2013 Plaintiff, TCYK, LLC, filed a Complaint seeking damages and injunctive relief related to forty-seven unnamed Defendants' wrongful copying and distribution to others of unauthorized copies (files) of a film known as "*The Company You Keep*" starring Robert Redford, Nick Nolte, Stanley Tucci (the "Motion Picture") for which Plaintiff holds the exclusive copyright.  The Defendants utilized peer-to-peer

1

("P2P") networks called a "BitTorrent protocol" or "torrent" to share and download a small piece of data from peer members.  Every peer member who has any part of the entire file (a "seed") that he or she is downloading, can also be the source of the illegal download and thus the distributor of the infringing file.

On June 5, 2013, simultaneously with the Complaint, Plaintiff filed an "Application for Leave to Take Discovery Prior to Rule 26(f) Conference" (Doc. #2) which was granted on the same day.  This Court granted Plaintiff's motion concluding that good cause for expedited discovery is "easily established in copyright infringement cases, *see* [*Arista Records, LLC v. Does 1-15,* 2007 WL 5254326 (S.D. Ohio May 17, 2007)] * * * ."  (Order, Doc #4)  Plaintiff's motion for expedited discovery was grounded upon the need to conduct limited discovery of non-party Internet Service Providers ("ISPs") to determine the true identities of the Defendants in order to fulfill Plaintiff's service obligations under Fed. R. Civ. P. 4.

Once leave was granted by this Court, Plaintiff served ISPs with a subpoena requesting the names, addresses, telephone numbers, email addresses, and Media Access Control addresses for each person or entity that accessed the certain Internet Protocol Address ("IP Address") that was listed.  The information sought by Plaintiff is limited to the discovery of the identities of the Defendants and complies with this Court's order.

Doe No. 19 denies that he/she is the infringer; however, Doe No. 19 has not provided any evidence to support his/her claim.  Even if true, as explained further herein, as Doe No. 19 is the subscriber (i.e. the "owner") of the internet account used to complete the infringement, Plaintiff is entitled to take discovery from Doe No. 19 to 1)

2

investigate and confirm his/her allegation that Doe No. 19 is not the infringer, and 2) obtain discovery that will lead to the identification of the infringer if Doe No. 19 is correct. As more fully explained below, discovery obtained through Doe No. 19 is the only possible way Plaintiff can identify the infringer and enforce its valid copyright claims hereunder. Therefore, without the identity of Doe No. 19, Plaintiff cannot prosecute its claims as the identity of the infringer will be concealed.

On July 22, 2013, Defendant Doe No. 19 moved this Court to quash the subpoena served upon the Custodian of Records, WideOpenWest. (A true and accurate copy of the subpoena is attached hereto as Exhibit A.) Doe No. 19 argues that the subpoena should be quashed because "the subpoena requires the disclosure of protected information and subjects DOE No. 19 to undue burden." (Doe No. 19 Motion to Quash or Modify Subpoena, Doc. #5, p. 1) Moreover, Doe No. 19 claims that the subpoena seeks information that is not relevant, because as Doe No. 19 claims, because Plaintiff is unable to link Doe No. 19 to the alleged infringing activity. Doe No. 19 is incorrect and his/her motion is supported by his/her arguments that misconstrue the Federal Rules of Civil Procedure, federal law and previous copyright infringement case law. In its motion, Doe No. 19 attempts to gloss over the standard he/she has to meet for a motion to quash to be granted by this Court. Instead, Doe No. 19 focuses its argument on Plaintiff's alleged inability to prove, at this time, that Doe No. 19 is the infringer. Doe No. 19 conveniently ignores that the allegations against him/her arise from the illegal conduct connected with Doe No. 19 IP Address or the fact that Plaintiff is allowed to take discovery in order to obtain such proof, that being the point of discovery. Thus, even if Doe No. 19 was not the infringer, the illegal conduct occurred

through Doe No. 19's account and thus Plaintiff has legal right to discover information that may lead to the infringer. Such information can only be determined through information or records in Doe No 19's possession.

Plaintiff's Complaint and Application for Expedited Discovery provided evidence that Doe No. 19, without authorization, used Vuze 4.8.0.0, an online media distribution system, to download, copy, and distribute the copyrighted Motion Picture. The subpoena was narrowly tailored to obtain the minimum information that is necessary to identify Doe No. 19. There is no prejudice on Doe No. 19 for Plaintiff to obtain this information. Once he/she is served, then Doe No. 19 can raise any objection suitable under the Federal Civil Rules and the precedent of this Court.

## II. ARGUMENT

"Federal Rules of Civil Procedure authorize extremely broad discovery." *Craig-Wood v. Time Warner NY Cable LLC*, 2012 U.S. Dist. LEXIS 52790 (S.D. Ohio April 16, 2012) *citing United States v. Leggett & Platt, Inc.,* 542 F.2d 655, 657 (6th Cir. 1976). Fed. R. Civ. P. 26 is applied liberally and if the method used to obtain the discovery is reasonably calculated to lead to admissible evidence and information, it is generally allowed. *See Id.* Without the information sought in the subpoena, Plaintiff cannot proceed with its litigation. For the reasons set forth below, in the instant case, Doe No. 19's motion to quash and motion for a protective order should be denied.

### A. STANDARD FOR MOTIONS TO QUASH.

Fed. R. Civ. P. 45(c)(3)(A) states that the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter" or if it

4

"subjects a person to undue burden." Doe No. 19 has the burden of demonstrating that the subpoena meets those requirements under the rule in order for this Court to quash the subpoena. *See Pacific Century Int'l, Ltd. v. Does 1-37,* 2012 WL 1072312, at *2 (N.D.Ill. March 30, 2012). Further, the person attempting to convince the court that the subpoena should be quashed has a "heavy burden." *Malibu Media v. John Does 1-11,* 2013 U.S. Dist. LEXIS 52029, at *5 (D.N.J. April 11, 2013).

      B.        **THE SUBPOENA DOES NOT SEEK PROTECTED INFORMATION.**

In Doe No. 19's motion, he/she argues that the subpoena should be quashed as it seeks protected information. However, Doe No. 19 has not provided support the argument, and it is baseless. The information requested in the subpoena is neither privileged nor protected matter.

Doe No. 19 has no privacy right to the protection of his/her identifying information. Doe No. 19's First Amendment right to remain anonymous is outweighed by Plaintiff's right to access the judicial process to protect its copyright. *Hard Drive Productions v. Does 1-48,* 2012 WL 2196038, at *4 (N.D.Ill. June 14,2012); citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 124 (2d Cir.2010). Doe No. 19 has not shown how the subpoena requires the disclosure of protected information.

Moreover, Doe No. 19 has no reasonable expectation of privacy in the information that is sought by Plaintiff's subpoena since this is information that Doe No. 19 voluntarily provided to a third-party ISP. *See Safety Point Prods., LLC v. Does 1-57*, 2013 U.S. Dist. LEXIS 49521 (E.D. Tenn. Apr. 5, 2013) *citing First Time Videos, LLC v. Doe*, 276 F.R.D. 241 (N.D. Ill. 2011). Therefore, Doe No. 19 has failed to demonstrate

how the information sought in the subpoena is privileged or protected matter and the subpoena should not be quashed based on this argument.

Moreover, the federal cable communications policy act of 1984 is inapplicable. Doe No. 19, within explanation or citation to a specific section, makes the conclusory statement that "pursuant to…the Federal Cable Communications Policy Act of 1984…personal identifiable information…is proprietary and cannot be disclosed." Doe No. 19's statement is misleading if not completely inaccurate.

47 U.S.C.A. § 551 states:

> (c) Disclosure of personally identifiable information
>
> (1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.
>
> (2) A cable operator may disclose such information if the disclosure is--
>
> (A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;
>
> (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed…

Nothing in the statutes implies that the information such as names, addresses or MAC addresses is proprietary or cannot ever be disclosed. The act protects information subject to certain exceptions, one being a court order that has already been granted in this matter for good cause shown. Therefore, Doe No. 19's reference to Federal Cable Communications Policy Act of 1984 is both moot and misleading.

6

### C. DOE NO. 19 IS NOT BURDENED BY THE SUBPOENA AND LACKS STANDING TO ARGUE THAT WIDEOPENWEST IS UNDULY BURDENED.

Doe No. 19 argues that he/she has standing to move to quash the subpoena because it seeks disclosure of "personal information" over which he/she has a proprietary interest. Doe No. 19, however, is incorrect.  First, as mentioned above, the information is not protected or proprietary as it has been provided voluntarily to the ISP and is not otherwise protected.  Moreover, as more fully explained below, the Plaintiff's interest in and right to determine the identity of the Defendant is outweighs any interest Doe No. 19 has in protecting his/her identity, if any.

Importantly, the subpoena subject to this Motion to Quash was not served upon Doe No. 19, but upon his/her ISP, WideOpenWest.  Doe No. 19 was not served with a subpoena or required to act or produce any information.  "[I]f anyone may move to quash these subpoenas on the basis of undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena." *First Time Videos,* 276 F.R.D. 241, 250.  "The movant has not explained how he/she has standing to argue that the subpoenas place an undue burden on WideOpenWest (especially where WideOpenWest itself has not objected), and the subpoenas do not burden him/her, because they do not require any action from the movant." *Id.*

Here, Doe No. 19 does not have standing to assert that there is an undue burden on his/her ISP nor has there been any assertion that Doe No. 19 is personally subject to any undue burden.  WideOpenWest is the subject to this subpoena and it has not filed an objection to the subpoena served upon it, because it is not overly burdened by providing the information that was requested.  In fact WideOpenWest has not only

7

represented that it will respond to the subpoenas after giving its customers thirty days' notice, it has actually responded by providing the information for other "Doe" Defendants.

      D.      **THE SUBPOENA IS PROPER.**

           1.      **The necessity of the identifying information of the Defendants.**

Plaintiff served the subpoena on WideOpenWest in order to discover the true identity of the Defendants who wrongfully copied and distributed their copyrighted film. Without the subpoena, Plaintiff cannot identify the Defendants, and thus cannot pursue its lawsuit or protect its copyright from ongoing infringement. Doe No. 19 has not demonstrated how Plaintiff can obtain the information regarding infringers in any other way.

           2.      **The subpoena is narrowly tailored and reasonably calculated to obtain information necessary to Plaintiff's Complaint.**

Doe No. 19 argues that the requested information is not relevant because an IP address is not equivalent to a person, and the owner of the account may not have been the infringer. As previously discussed, Federal Rule of Civil Procedure 26 is applied with a liberal standard and the information sought under this subpoena was reasonably calculated to lead to the discovery of the true identities of the Defendants. Doe No. 19 argues that the use of discovery in these types of lawsuits are merely Plaintiff's attempt to extort settlements form anonymous defendants. However, Doe No. 19 does not provide any evidence or any type of conduct by Plaintiffs or any legal support for this assertion. The fact that it is "possible" that the account owner is not the infringer does not make the account owner's identity or the MAC address of the

8

device used to infringe any less relevant or discoverable if it will lead to the discovery of admissible evidence.  The owner of the account is likely to have information that will lead the Plaintiff to the infringer if the owner is not the infringer.  Moreover, the MAC address will allow the Plaintiff to identify the exact device (e.g. computer or tablet) that was used to download the film by the infringer.  This information may also lead to the infringer or allow Plaintiff to confirm the infringer.

Based on the above, Doe No. 19 fails to cite any particular part of Rule 45 which allows this Court to quash the subpoena served upon WideOpenWest.  Therefore, Doe No. 19's Motion to Quash should be denied.

### E.  IT WOULD BE AGAINST PUBLIC POLICY TO QUASH PLAINTIFF'S SUBPOENA.

Doe No. 19 refers to a police "raid" of an alleged child pornographer identified in criminal case as an attempt to argue a public policy reason to convince this court to quash the subpoena.  The fallacy in Doe No. 19's argument is the difference between the proper USE of information lawfully discovered and a party's right to legally obtain such information.  Doe No. 19 has not cited any source to imply that Plaintiff intends to "raid" Doe No. 19's property, nor would that be helpful to his/her argument that the information sought is irrelevant.

The mistake in the cited case was law enforcement's failure to fully investigate the allegations against the accused and confirm that they had the right person prior to raiding the property and arresting the alleged criminals.  However, that does not change the fact that in that case, as in this case, the party had the right to discover the

information, i.e. the identity of the subscriber of the ISP that was used to commit the illegal or infringing act. In both cases, the injured party has this right under the Civil Rules. For example, in this case, Doe No. 19 would have the right to use Rule 11 or other similar statutes in the event that Plaintiff took frivolous or other unwarranted action to use the information without a viable good faith basis or otherwise contrary to the rules. The Plaintiff, does, in this case, however, have a legal right to learn the identity of the ISP account owner and then use that information lawfully to obtain further discovery if the ISP owner denies that they are the infringer or to prosecute its claims if the information provides a good faith basis to move forward with Plaintiff's claims against Doe No. 19.

Moreover, as a matter of policy, the only way to obtain the identities of the anonymous Doe Defendants for any plaintiff that is subject to copyright infringement of this nature is to allow the plaintiff to serve a subpoena on the ISP. Without this use of discovery, copyright holders, (including artists, directors, editors, writers, actors, and others associated with the creation of creative works and who may be dependent on income from royalties) would have no recourse to seek remedy from those who illegally download and distribute their material.

**F. DOE NO. 19'S MOTION CONTAINS UNSUBSTANTIATED CLAIMS AND CITES TO UNAUTHENTICATED AND IRRELEVANT SOURCES**

Doe No. 19 cites to cases regarding relevance in an attempt to convince the court that ISP information is not relevant. There is nothing cited, however, that indicates that the information requested by the subpoena in the current litigation

would not be relevant. Of course, as discussed above, it is relevant, because the infringement was committed either by Doe No. 19 or by someone else using Doe No. 19's account, and the only way for Plaintiff to discover the identity of the infringer is to obtain discoverable information from Doe No. 19. Plaintiff only seeks to obtain the account holder's information in order to allow Doe No. 19 to admit or deny the allegations. If the allegations are denied, the parties will have the opportunity to exchange further discovery in order to evaluate the evidence discovered in order to determine if Doe No. 19 is the infringer or if it was a third party using Doe's internet account. Without the identity of Doe No. 19, Plaintiff will not be able to identify the infringer and copyright infringers will have an open frontier in which to freely and anonymously copy and distribute protected works by hiding behind a judicially created veil.

### III. CONCLUSION

For the foregoing reasons, this Court should DENY Doe No. 19 's Motion to Quash Plaintiff's subpoena to WideOpenWest.

    Respectfully submitted,

    */s/ Leon D. Bass*
    Leon D. Bass (0069901) (Trial Attorney)
    Lbass@taftlaw.com
    David J. Butler (0068455)
    Taft Stettinius & Hollister LLP
    65 East State Street, Suite 1000
    Columbus, Ohio 43215
    Telephone: 614.334.7192
    Facsimile: 614-221-2007
    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via e-filing and e-mail on this 15th Day of August, 2013 on the following parties:

David K. Lowe
Clark & Lowe, LLC
1500 W. Third Avenue, Suite 310
P.O. Box 12310
Columbus, OH 43212
*Attorney for Doe NO. 19*

                                              */s/ Leon D. Bass*